Dear Representative Lybyer:
This letter is in response to your request for an opinion of this office asking whether the provisions of Section 50.660, RSMo, relating to the advertising for bids for county purchases, is applicable to purchases by county hospitals and county health centers.
Section 50.660 is quite extensive and we will not quote it here. It provides that advertisement for bids shall be required for certain county purchases.
We assume that you are referring to county hospitals established and organized under Sections 205.160 to 205.340, RSMo and not to county hospitals under Section 205.350, RSMo. The county health centers to which you refer are established under the provisions of Sections 205.010 to 205.155, RSMo.
In our Opinion No. 290-1972, copy enclosed, this office concluded that under the provisions of Section 205.250, RSMo, quoted therein, a county hospital organized under such provisions must advertise for new bids in order to build additional floors on a hospital building under construction and that it could not let the work to be contracted on the site by a change order to the existing contract. In that opinion we noted that other provisions for contracts and bids for public buildings were to be found in Sections 50.660 and 49.420, RSMo. However, the reference to those sections in that particular context was made because of the peculiar provisions of Section 205.250, which require that bids be advertised according to the law with respect to other county public buildings for the construction of such hospital buildings. Other provisions which are comparable to those contained in Section 205.250 are found in Section 205.080, RSMo of the health center law. Notably, there is no express provision in either the health center law or the county hospital law which requires that such trustees advertise for bids in any situation other than the construction of buildings as provided in Sections 205.250 and205.080.
In the case of Layne-Western Co. v. Buchanan County, Mo.,85 F.2d 343 (1936), the United States Court of Appeals for the 8th Circuit concluded that a county planning and recreation commission, which was appointed by the county court and was without power to act except with the approval of the county court, came under the provisions of Section 50.660. While it is arguable that the holding in such case could apply to purchases by the trustees of the health center or the county hospital we are of the view that such holding is not applicable. County health center trustees and county hospital trustees clearly have powers which make them much more autonomous than the commission under consideration in the BuchananCounty case. In this respect see State ex rel. Holman v. Trimble,293 S.W. 98 (Mo. Banc 1927), in which the Missouri Supreme Court concluded that it was the duty of the county court to issue warrants on vouchers of the boards of trustees of the county hospital since such an act was purely ministerial in light of the authority of such trustees to control the expenditures credited to the hospital fund.
We find no statutory or case law to support the proposition that the county health centers or such county hospitals would be required to advertise for bids except as provided in Sections 205.080
and 205.250, RSMo. In light of the powers granted such trustees and in light of the nature of such governmental units, we feel required to conclude that there is no clear indication that the legislature intended such units to come under the provisions of Section 50.660.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 290-1972